Dear Mrs. Wilson:
On behalf of the Preservation Resource Center of New Orleans (the "PRC"), you have requested our opinion regarding the use of the Neighborhood Housing Improvement Fund (the "Fund"). Specifically, you ask whether the corpus of the Fund can be used to provide financing for the occupancy and revitalization of vacant houses by persons of any income level to promote neighborhood stability and to combat blight, or whether the use of the Fund is restricted to only those persons that are needy and have low and moderate incomes. According to your letter, the PRC would like to promote the use of the Fund to provide financing to stabilize and renovate properties, some quite large, that are of architectural significance and of historic importance.
As we interpret your correspondence, it is your position that the ordinance which created the Fund does not impose restrictions based upon the income levels of loan or grant recipients. While this office is not in a posture to interpret the ordinance, which is an expression of the Council of the City of New Orleans as opposed to a provision of state law, we can assist you by providing our opinion on the constitutionality of the transfer of public funds to private persons.
La. Const. (1974) Art. VII, Sec. 14 provides in pertinent part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy; (2) contributions of public funds to pension and insurance programs for the benefit of public employees; (3) the pledge of public funds, credit, property, or things of value for public purposes with respect to the issuance of bonds or other evidences of indebtedness to meet public obligations as provided by law; (4) the return of property, including mineral rights, to a former owner from whom the property had previously been expropriated, or purchased under threat of expropriation, when the legislature by law declares that the public and necessary purpose which originally supported the expropriation has ceased to exist and orders the return of the property to the former owner under such terms and conditions as specified by the legislature; or (5) acquisition of stock by any institution of higher education in exchange for any intellectual property.
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
It is clear that the City of New Orleans cannot provide loans or grants to private citizens or concerns "Except as otherwise provided by this constitution . . .", or if the transfer of public funds meets the criteria of one of the exceptions specifically set forth in Art. VII, Sec. 14(B) or (C).
We first address the exceptions provided within Art. VII, Sec. 14 and note that although the first exception contained in Sec. 14(B) would allow the proceeds of the Fund to be utilized for the aid and support of the needy, it does not authorize a loan or grant to persons of all income levels. The other exceptions contained in Sec. 14(B) do not apply to the Fund, as the fund was not established to contribute to the pension or insurance programs of public employees, nor is the Fund pledged to public indebtedness. The Fund has nothing to do with expropriated properties, and the City is not an institution of higher education.
Regarding any "exception" contained in 14(C), we note that the Supreme Court has stated, in City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983):
 There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A); the exceptions are clearly contained in Sec. 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'".
Regarding exceptions to the prohibition contained in 14(A) which are "otherwise provided by [the] constitution", it is our opinion that the Constitution does not provide an exception for the use of public funds to renovate or preserve historic homes or buildings owned by individuals or private concerns. Although you suggest that Article IX, Sec. 1 of the Constitution provides an exception, in our opinion that provision is limited to the natural resources of the state, which occur from nature as opposed to man-made structures. Art. IX is entitled "Natural Resources", and Secs. 2 through 8 thereof all concern resources which occur naturally, such as natural gas, water bottoms, minerals, wildlife and aquatic life.
We recognize that there has been very little jurisprudential construction of Art. IX, Sec. 1, but the Supreme Court, in City of New Orleans v. Treen, 431 So.2d 390 (La. 1983), interpreted the provision as an expression of a "broad public policy", and not a specific grant of power or authorization. It is our opinion that an exemption from the express provisions of Art. VII, Sec. 14(A) can only be recognized if there is "specific" constitutional authorization for the grant or loan of public funds or things of value.
Although this office admires the goals of the PRC and its efforts to preserve the historic character of the City of New Orleans, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. James v. Rapides Parish Police Jury,113 So.2d 88 (La.App. 2nd Cir. 1959) interpreted La. Const.(1921) Art. IV, Sec. 12, a provision almost identical to the present Art. VII, Sec. 14(A). The decision states:
 "These specific prohibitions have been wisely implanted in our fundamental law, for it is conceivable that without such prohibitions the state, or a political subdivision thereof, might so deplete the public fisc by contributions to almost innumerable worthy private and semi-public enterprises as to seriously impair the necessary expense of conducting more prosaic but more important government functions."
It is the opinion of this office that the City of New Orleans cannot use the proceeds of the Neighborhood Housing Improvement Fund for the renovation of properties, except to the extent that the Fund is used "for programs of social welfare for the aid and support of the needy".
Trusting this adequately responds to your request, I am,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav